**FILED**
**Dec 11, 2019**
**12:02 PM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS





## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT JACKSON

| | |
|---|---|
| QUINCTIUS COBLE,<br>　　Employee, | ) Docket No. 2018-07-0542 |
| v. | ) |
| PICTSWEET CO.,<br>　　Employer, | ) State File No. 61181-2018 |
| And | ) |
| TRAVELERS CASUALTY AND SURETY<br>CO.,<br>　　Carrier. | ) Judge Allen Phillips |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

This case came before the Court on Pictsweet's Motion for Summary Judgment. The issue is whether Pictsweet is entitled to summary judgment on grounds that Mr. Coble's injuries did not arise primarily out of his employment, an essential element of his claim. For the following reasons, the Court grants Pictsweet's motion.

### Procedural History

Mr. Coble alleged an electric shock injury to his right knee, arm, and foot. Pictsweet contested his claim. Mr. Coble requested an Expedited Hearing by a decision on the record. The Court entered an Order Denying Benefits, holding that Mr. Coble did not establish he would likely prevail in establishing his injuries arose primarily out of his employment.

Pictsweet then filed this Motion for Summary Judgment. At the same time, it filed a statement of undisputed facts with citations to the record and proof that it served Mr. Coble with a copy of Tennessee Rules of Civil Procedure 56 under Tennessee Compilation Rules and Regulations 0800-02-21-.18(1)(a) (August, 2019)(a moving party must provide a self-represented non-moving party with a copy of the rule upon which a dispositive motion is based). Mr. Coble did not file a response to the motion.

1

The Court heard argument on the motion on December 10, 2019. At that time, Mr. Coble acknowledged receiving the motion and a copy of Rule 56.

## Facts

The Court summarizes the relevant undisputed material facts as follows:

- Mr. Coble selected Physicians Quality Care (PQC) from a panel of physicians offered by Pictsweet.
- Dr. Peter Gardner was Mr. Coble's treating physician at PQC.
- Dr. Gardner signed a causation letter stating that Mr. Coble's diagnosis and need for medical treatment did not primarily arise out of his employment at Pictsweet.
- In its decision on the record, this Court made the following findings of fact and conclusions of law:

  "Here, the only medical expert opinion is that of Dr. Gardner, who said Mr. Coble's injury is not work-related. Instead, he attributed Mr. Coble's foot problems to uncontrolled diabetes. Therefore, Mr. Coble did not establish that he would likely prevail as to whether his injuries, to a reasonable degree of medical certainty, arose primarily out of his employment at Pictsweet."

- Mr. Coble did not appeal the Expedited Hearing Order.

## Analysis

The Court recognizes Mr. Coble has chosen to represent himself, as is his right. However, unrepresented litigants must comply with the same standards to which represented parties must adhere. *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). This includes complying with the same substantive and procedural rules that represented parties are expected to observe. *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Here, Mr. Coble did not respond to Pictsweet's motion as required by Tennessee Rules of Civil Procedure 56.03; thus, the Court must consider Pictsweet's motion and its statement of material facts unopposed.

So considered, the Court first acknowledges that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2019). As the moving party, Pictsweet must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Mr. Coble's claim, or (2) demonstrate that Mr. Coble's evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2019); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

One essential element of Mr. Coble's claim is that he must show his injury arose primarily out of his employment at Pictsweet. To prove this, he must establish to a reasonable degree of medical certainty that his work contributed more than fifty percent in causing his injury or need for medical treatment when considering all causes. "Shown to a reasonable degree of medical certainty" means that, "in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(A)-(D).

Here, the undisputed facts are that Dr. Gardner stated Mr. Coble's injury, to a reasonable degree of medical certainty, *did not* primarily arise out of his employment but was instead related to uncontrolled diabetes. This is the only medical opinion in the record, and it negates the essential element of causation that Mr. Coble must establish to prevail. Therefore, the Court holds Pictsweet is entitled to summary judgment as a matter of law.

**IT IS ORDERED AS FOLLOWS:**

1. Pictsweet's Motion for Summary Judgment is granted, and Mr. Coble's claim is dismissed with prejudice to its refiling.

2. Absent appeal, this order shall become final thirty days after entry.

3. The Court taxes the $150.00 filing fee to Pictsweet under Tennessee Compilation Rules and Regulations 0800-02-21-.06 payable to the Clerk within five days of this order becoming final.

4. Pictsweet shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED December 11, 2019.**

**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**

3

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on December 11, 2019.

| Name | Via Mail | Via Email | Service Sent To: |
|---|---|---|---|
| Quinctius Coble, Self-Represented Employee | X | | 84 Birch St. Brownsville, TN 38012 |
| Paul T. Nicks, Employer's Attorney | | X | pnicks@travelers.com jschmidt@travelers.com |

Penny Shrum, Court Clerk
Wc.courtclerk@tn.gov

4



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| Source | Amount | | Beginning |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone     $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing     $ _____ per month |
| Gas | $ _____ per month | Child Care     $ _____ per month |
| Transportation | $ _____ per month | Child Support     $ _____ per month |
| Car | $_____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

Amount Owed        To Whom

_____     _____

_____     _____

_____     _____

_____     _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____



## COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20___ .

[Signature of appellant or attorney for appellant] _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf